[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff whose maiden name was Tamara A. Gendron and the defendant Brian M. Rahrig were married on July 2, 1983 at Bridgeport, Connecticut.
Two minor children have been born since the date of the marriage, both issue of the marriage, to wit: Brian Michael Rahrig, Jr., born on November 6, 1984, and Jessica Marie Rahrig, born on October 25, 1989.
All jurisdictional requirements have been met.
The defendant was guilty of intolerable cruelty and habitual intemperance during the marriage.
The marriage of the parties has broken down irretrievably and the same is hereby dissolved.
The Court has considered all of the statutory criteria contained in Conn. Gen. Stat. 46b-56, 46b-62, 46b-81, 46b-82
CT Page 1062 and 46b-84.
The Court enters the following orders:
I. Custody, Visitation and Child Support
A. Custody.
Custody of the minor children is awarded to plaintiff Tamara A. Rahrig. Accordingly, Tamara A. Rahrig shall be responsible for deciding issues of health, education and welfare of the minor children.
B. Visitation.
The defendant shall have such supervised reasonable visitation with said minor children as the plaintiff approves; however; the defendant shall have at least the following supervised visitation with said children:
1) one week day visitation each week with Jessica M. Rahrig at the home of the defendant's parents while at least one of the defendant's parents is present during the entire visitation;
2) one weekend day visitation with Brian M. Rahrig , Jr., to be exercised on alternate Saturdays and Sundays from 9:00 a.m. to 6:00 p. m. at the home of the defendant's parents while at least one of the defendant's parents is present during the entire visitation.
3) alternate holidays (e.g. Thanksgiving, Christmas, Easter) from 9:00 a.m. to 9:00 p. m. at the home of the defendant's parents while at least one of his parents is present during the entire visitation, however the defendant is entitled to a brief visit with the children on their birthday and on Christmas day under the plaintiff's supervision if the defendant does not otherwise have visitation with them on those days.
4) the defendant on the days of his visitation rights shall:
 i) not remove the children from the State of Connecticut without the prior written consent of the Plaintiff.
 ii) exercise his visitation away from the Plaintiff's premises unless both parties agree.
iii) except in an emergency, give the Plaintiff 24 hours CT Page 1063 notice of his inability to exercise a prearranged visitation.
 iv) abstain from the consumption of alcoholic beverages or any controlled drug (except as prescribed by a physician) prior to or during the exercise of his visitation.
 v) immediately notify the Plaintiff in the event of sickness or accident to either of the children.
C. Child Support
1) The defendant shall pay to the plaintiff weekly as child support that percentage of his weekly disposable income as set forth in the child support guidelines promulgated under Connecticut Public Act 89-203, and the regulation thereunder as updated, currently equivalent to 38 per cent of said defendant's disposable income (presently $143.21).
2) The Defendant/Husband shall maintain and provide, at his own expense if not supplied by his employer, medical, dental and major medical insurance coverages for the benefit of said minor children, and the Defendant shall provide the Plaintiff with the name of the insurance carriers, policy numbers, membership cards and claim forms for such insurance coverages. The plaintiff shall have the benefit of the provisions of 46b-84 (c) of the General Statutes. Any unreimbursed medical or dental expenses for the benefit of said minor children shall be paid fifty percent (50%) by the Defendant/husband and fifty percent (50%) by the Plaintiff/wife and the party paying such unreimbursed medical or dental expenses shall be so reimbursed by the other party.
3) The Defendant/husband shall name the said minor children, or the survivor of them, as the irrevocable primary beneficiaries on any life insurance policy provided to the defendant by his employer for so long as he is obligated to pay support, and the Defendant shall provide the Plaintiff with the name of the insurance companies, policy numbers, the face amount of the policies and proof annually that the said minor children have been named as the irrevocable beneficiaries thereof.
II. Alimony.
1. The defendant husband shall pay to the plaintiff wife $35,000 as lump sum alimony, payable as follows: $5,000 on or before August 1, 1991; $5,000 on or before August 1, 1992; $5,000 on or before August 1, 1993; $5,000 on or before August CT Page 1064 1, 1994; $5,000 on or before August 1, 1995; $5,000 on or before August 1, 1996; and $5,000 on or before August 1, 1997. Said lump sum alimony is non-modifiable as to term and amount and shall be payable regardless of the plaintiff's remarriage and payable to her estate if she should die prior to August 1, 1997.
2. The defendant husband shall pay to the plaintiff wife periodic alimony in the amount of $80.00 per week terminable upon the earliest to occur of the following events: the death of either of the parties, the plaintiff's remarriage or seven years from the date hereof. It shall be non-modifiable as to term. The alimony award in this paragraph shall be non-modifiable as to amount until September 1, 1995.
3. The defendant shall transfer forthwith to the plaintiff all funds at the Sikorsky Federal Credit Union, and the bonds listed on his financial affidavit.
4. The defendant husband shall obtain a life insurance policy in the amount of at least $50,000, naming the plaintiff wife as the primary beneficiary. Said policy shall remain in effect until September 1, 1997. On or before October 1, 1990 and on or before October 1 of each intervening year the defendant shall provide to the plaintiff proof of said insurance coverage and beneficiary designation.
The Defendant/Husband shall notify his employer of the dissolution of the marriage and shall provide for the continuation of the hospitalization, medical and dental coverages for the benefit of the Plaintiff/wife under the insurance coverages as provided by the employer and as required under federal (COBRA) and state laws, and the Defendant shall be responsible for paying any additional premiums in connection with such continued post-dissolution coverages for the benefit of the plaintiff for a period of six (6) months from the date of the judgment of dissolution, after which date the plaintiff shall be responsible for paying any such additional premiums in connection with said continued post-dissolution coverages for the benefit of the Plaintiff, and the Defendant shall cooperate with the Plaintiff in filing any documentation required to effect and maintain such post-dissolution coverage.
III. Other Orders.
1. The plaintiff shall keep the assets listed on her financial affidavit.
2. The Defendant/husband shall pay to Martin A. Dworkin, Attorney for the plaintiff/wife, the sum of $1,500.00 for legal CT Page 1065 services rendered to the plaintiff in the dissolution of marriage proceedings.
3. The Defendant/husband shall turn over to the plaintiff/wife and allow her to remove the items of personal property listed on Schedule A, which the plaintiff shall henceforth own.
4. This court (Bassick, J.) did find an arrearage upon the pendente lite orders entered in this case as of August 2, 1990 in the amount of $2750. The defendant has been ordered to pay $1000 on this arrearage on or before August 10, 1990, and one half of any lump sum payment he may receive on his worker's compensation claim. These orders are not to merge into the other orders herein set forth.
5. Since the defendant has not paid the pendente lite orders, all financial orders are subject to an immediate order for wage withholding.
An advisement of rights form in this regard is appended to this order.
Dated this 13th day of August 1990.
CLARANCE J. JONES, JUDGE.
SCHEDULE A
1. Walnut dresser.
2. Small television set.
3. Children's toy box and toys.
4. GE boom box.
5. Meat slicer.
6. Dishes.
7. Pots pans.
8. Silverware.
9. Baby sassy seat.
10. Bedroom set.
11. Kitchen set. CT Page 1066
12. Washing machine.
13. End tables.
14. Lamp in living room.
15. Phone in bedroom.
16. Walnut clock in living room.
17. Linens.
18. Plaintiff's personal items, bowling ball, photographs and nicknacks.